IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| CANDACE BALLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| | ) | |
| vs. | ) | |
| | ) | |
| HARSCH & OSBORNE, M.D., P.C. dba | ) | |
| SOUTHEASTERN PRIMARY CARE, | ) | |
| | ) | Jury Trial Demand |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Candace Ballard ("Plaintiff" or "Tyus") and submits this Complaint against Defendant Harsch & Osborne, M.D., P.C., dba Southeastern Primary Care ("Defendant" or "SPC") based on the following allegations:

**(Parties, Jurisdiction and Venue)**

1.

This cause of action arises under the provisions of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 (hereinafter "FMLA").

2.

Plaintiff was and is a resident of the State of Georgia and the Northern District of Georgia at all times material to Plaintiff's employment relationship with Defendant.

3.

Defendant SPC is a private for-profit entity operating and doing business in the state of Georgia. The Defendant may be served through its Registered Agent for Process, William R. Osborne, MD, 105 Carnegie Place, Suite 103, Fayetteville, Georgia 30214.

4.

Jurisdiction over the claims in this Complaint is conferred pursuant to 28 U.S.C. §§ 1331 and 1337.

5.

Jurisdiction and venue are proper in this judicial district.

**(FACTS)**

6.

Plaintiff was employed by Defendant as a Licensed Practical Nurse from January 30, 2017 until she was terminated on January 21, 2020.

7.

In October and November 2019, Plaintiff notified her employer that she would need time off of work due to a spinal surgery and a need for recuperation following her surgery.

8.

Plaintiff completed her FMLA paperwork on November 4, 2019 at which time, her FMLA leave began.

9.

Defendant provided Plaintiff no written documentation indicating when Plaintiff was intended to return to work.

10.

On Friday, January 17, 2020, Defendant reached out to Plaintiff, via text to her personal mobile phone, informing her that her FMLA leave had been exhausted and that she had to report to work by Tuesday, January 21, 2020 with documentation indicating that she was able to work without restrictions.

11.

Aware that she could not see a doctor before her newly announced return to work date, Plaintiff responded via text on January 17, 2020 and requested additional

information about how to proceed and why she had not been approved for the long-term disability insurance coverage she had requested earlier in January, but received no response from Defendant.

12.

Plaintiff followed-up her text message to Defendant with a phone call on Friday, January 17, 2020 but received no answer.

13.

Plaintiff sent a text message to Defendant on Monday, January 20, 2020 requesting additional information and indicating that she did not have enough time to obtain a return to work letter from her doctor, but received no response.

14.

Plaintiff was terminated on January 23, 2020.

15.

The reason given for Plaintiff's termination was "failed to return to work after FMLA period expired."

## COUNT I

### (FMLA – INTERFERENCE)

-5-

16.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

17.

At all times relevant, Defendant has employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

18.

Defendant is a covered employer and is subject to the provisions of the FMLA.

19.

Defendant interfered with Plaintiff's ability to use FMLA leave despite Plaintiff's eligibility for FMLA leave by preventing Plaintiff from obtaining long-term disability coverage and delaying Plaintiff's approval for FMLA leave.

20.

At the time of the acts alleged, Defendant knew or should have known that the means utilized to punish Plaintiff for requesting and or using FMLA leave were forbidden by law.

21.

Plaintiff was harmed as a direct result of Defendant's actions, which resulted in loss of pay, emotional pain and suffering and costs and attorney's fees.

## **COUNT II**

## **(FMLA—RETALIATION)**

22.

Plaintiff respectfully reincorporates the allegations contained in the above paragraphs.

23.

Defendant retaliated against Plaintiff by delaying Plaintiff's approval for FMLA leave, failing to provide Plaintiff a return to work date until it was too late for her to be approved to return to work, and terminating her for not providing updated return to work paperwork.

24.

At the time of the acts alleged, Defendant knew or should have known that the means utilized to punish Plaintiff for requesting and/or using FMLA leave were forbidden by law.

25.

Plaintiff was harmed as a direct result of Defendant's actions, which resulted in loss of pay, emotional pain and suffering and costs and attorney's fees.

**WHEREFORE**, Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(c) Defendant be ordered to pay Plaintiff back pay, front pay, and liquidated damages in an amount to compensate Plaintiff for lost wages;

(d) Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits she would have received had it not been for Defendant's illegal actions, including but not limited to pay, benefits, insurance costs, bonuses, raises, training, promotions, and seniority.  Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was terminated until the date Defendant tenders substantially equivalent employment, with interest on the above withheld amounts to the date of payment;

(e) That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees.

(f) That Plaintiff recover prejudgment interest;

(g) Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

Dated: September 3, 2020.

**Keegan Law Firm, LLC**

/s/ *Marcus G. Keegan*
Marcus G. Keegan
Georgia Bar No. 410424
1827 Powers Ferry Road
Bldg. 25, Suite 100
Atlanta, Georgia 30339
(404) 842-0333 (Phone)
(404) 920-8540 (Fax)
mkeegan@keeganfirm.com

**Counsel for Plaintiff**